McCLELLAN, Trustee, *v.* MEMPHIS & CHARLESTON
RAILROAD COMPANY.

TAXES. *Assessment. Exemption.* A railroad was by charter exempt from
taxation for twenty years, which ended in March, 1877. The taxes
assessed for 1877 were assessed in April. The company paid a *pro
rata.* *Held :* The company was liable for all the taxes assessed for
1877. When the taxes were assessed no exemption existed.

FROM FAYETTE.

Appeal in error from the Circuit Court of Fayette
·county.    T. J. FLIPPIN, J.

McClellan *v.* Railroad,

H. C. MOORMAN for McClellan.

HUMES & POSTON for Railroad.

FREEMAN, J., delivered the opinion of the court.

The property of the company was regularly assessed for taxation for the year 1877, for county, court-house and school purposes, the sum being $2,057.25. The company paid $1,542.94, but claims to have been exempted from the balance of the assessment on the following state of facts:

The property of the company, by charter, was exempt from taxation for twenty years after the completion. of the road; that exemption expired on the 28th of March, 1877. The amount paid in is the *pro rata* on the basis of the assessment for that year, from and after the expiration of the exemption, that is for the months of January, February, and up to March 28, 1877.

The statutes regulating assessment of taxes provide, substantially, that at the April term of the quarterly court of each county, annually the rate of taxation of property subject to taxation shall be declared by the court. Another section provides that all property shall be assessed to the owner or reputed owner on the 1st of April of the year of assessment.

The contention of the counsel is, that the exemption was in existence up to March 28, 1877, and therefore the assessment should have been *pro rata* for the balance of the year.

22—VOL. 11.

We think this is not the true principle in such a case. It goes on the theory that taxes are a burden accruing and accumulating from the first of January of one year to the same period of the next. On the contrary, the theory of the statute is, that it is a gross sum to be ascertained at the period fixed, as the result of an assessment or valuation then made and this gross sum is to be charged or assessed to the owner or reputed owner at this date. The fact that the property owned, or reputed to be owned, by a party on that day, had by law been specially exempt from this burden in this case, can make no difference, as far as we can see, any more than would have been the case had the owner bought property in another State on the 28th of March, and then for the first time brought it into the county, or had owned property in another State up to this period, and then brought it to his residence in this State. In both and all the cases the law exempted it from taxation, or, at any rate, in the latter cases, it was not subject to taxation by our law; yet it is clear such property would be assessable for taxation after the first quarterly court in April, and to the owner or reputed owner on the first day of April of that year.

The provision of the Code, sec. 52, "that the word month means a calendar month, and the word year a calendar year, unless otherwise expressed," does not in any way effect this result. It only means that a year shall be twelve calendar months, whether you commence to count from January or July—nothing more.

An intendment is in favor of the State in a case like the present; nothing is intended in favor of the party claiming exemption. This is now axiomatic. The party who claims exemption from the common burden must show a clear right in his favor, or else he must share with others the charge of taxation for the common benefit. When this charge is assessed or adjudged, or fixed by authority of law, no such exemption existed, and none can be given by intend-ment or construction in such a case.

The result is, the judgment is affirmed.